\Whyers\FinalDecMot.doc
.doc
09-110-004

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) No.09-15409 |
| ARTISTIC DIGITAL SERVICES INC., | ) Hon. A. Benjamin Goldgar |
|     Debtor and Debtor in possession | ) Chapter 11 |

## NOTICE

TO:    United States Trustee                    Artistic Digital Services, Inc.
219 S. Dearborn Street                    Attn: Brian Whyers, President
Room 873                                            1417 Darrow Ave.
Chicago, IL 60604                           Evanston, IL 60201
                                                             (email:brian.whyers@gmail.com)

And creditors on attached service list

      PLEASE TAKE NOTICE that on September 29 , 2010 at 10 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar in his usual courtroom no. 613 in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before any other judge who may be sitting in his place or stead, and shall then and there present , **Debtor's Motion for Entry of an Order and Final Decree Closing Case,** at which time and place you may appear, if you so see fit.  A copy of the Motion is attached hereto and is herewith served upon.

                                          Andrew J. Maxwell (ARDC#1799150)
                                          Vikram R. Barad (ARDC #6277076)
                                          Maxwell Law Group, LLC
                                          105 W. Adams, Suite 3200
                                          Chicago, IL 60603
                                          312/368-1138

## CERTIFICATE OF SERVICE

      The undersigned attorney certifies that he caused a copy of the foregoing Notice and Motion to be served upon the United States Trustee (and any others having registered) pursuant to Section II (B) (4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, and served upon the other parties in the attached service on September 22 , 2010.
      .

                                          By:  /s/ Vikram R. Barad

JP Morgan Chase Bank NA xd
Box 4661   Houston, TX 77210

Wells Fargo Business Direct Operations x
P.O. Box 348750
Sacramento, CA 95834

Wells Fargo Bank NA c
MAC S4101-08C
100 W. Washington St.
Phoenix, AZ 85003

Dell Financial Services LLC  c
12234B North IH-35
Austin, TX 78753-1705

Dell Financial Services LLC  c
c/o Resurgent Capital Services
Box 10390   Greenville, SC 29603-0390

Elk Grove Graphics x c
1200 Chase Ave
Elk Grove Village, IL 60007

Illinois Dept Of Revenue c
Bankruptcy Section  Box 64338
Chicago, IL 60664-0338

AT&T Phone Service x
P.O. Box 8100
Aurora, IL 60507

Internal Revenue Service c
Box 21126
Philadelphia, PA 18114

Brian Whyers x
1417 Darrow Ave
Evanston, IL 60201 (via e-mail)

Chase Bank USA NA c
P.O. Box 15145
Wilmington, DE 19850-5145

American Infosource LP, agent c
FIA Card Services NA/Bank of America
Box 248809   Oklahoma City, OK 73124-8809

\Whyers\FinalDecMot.doc
.doc
09-110-004

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) No.09-15409 |
| ARTISTIC DIGITAL SERVICES INC., | ) Hon. A. Benjamin Goldgar |
| Debtor and Debtor in possession | ) Chapter 11 |

**DEBTOR'S MOTION
FOR ENTRY OF AN ORDER AND FINAL DECREE CLOSING CASE**

Artistic Digital Services, Inc., Debtor and Debtor-in-Possession ("Debtor"), by its counsel, pursuant to §363, Title 11 U.S.C. (the "Bankruptcy Code"), states the following as Debtor's Motion For Entry of an Order and Final Decree Closing Case ("Motion"):

**JURISDICTION**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A).  Venue of this proceeding and this Motion is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This basis for relief requested herein are §§ 105(a) and 350 of Title 11 U.S.C. (as amended, the "Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 3022.

**BACKGROUND**

3.      This case was filed as a voluntary petition under Chapter 11 of the Bankruptcy Code on April 29, 2009.  Pursuant to §1107(a) and 1108,  the debtor remains in possession of its property and continues to operate its business and conduct its financial affairs as Debtor-in-Possession pursuant to the provisions of the Bankruptcy Code.  The first meeting of creditors has been held and concluded.  No committee of creditors has been formed.

4. On August 23, 2010, the Court held a hearing regarding the Debtor's Second Amended Disclosure Statement and Debtor's Second Amended Chapter 11 Plan., and entered its Order Approving Adequacy of Disclosure Statement and Confirming Plan (the "Order")., and the Plan became effective on September 3, 2010 ("Effective Date").  The Plan generally provides for payment from Debtor's operating cash flow over a period of time.[1]

## STATUS OF THE CASE

5. Since the Plan's Effective Date, a status is as follows:

A. *Funds*: As of the date of this Motion, no funds have been paid into the Plan by the Debtor.  However, Debtor anticipates making payment of approximately $10,000 prior to the hearing date of the Motion.

B. *General Unsecured Claims and Priority Claims*.  As of the date of this Motion, either the Court has expunged or the Debtor has allowed all unsecured and priority claims[2] against it (see provision regarding "Appeals" below).  Distributions are to be made as forth in the Plan out of funds to be paid into the Plan by the Debtor.

C. *Administrative Claims*.  As of the date of this Motion, i) Debtor is current on quarterly fee payments to the United States Trustee, ii) Debtor owes allowed fees and expenses to his general counsel in the amount of $     NO ORDER ENTERED     and, iii) Debtor owes fees and expenses to his counsel that have not yet allowed by this Court in the approximate amount of

---

[1] The Plan, Article 4.1 provides as follows:

"4.01  The Plan shall be funded generally from Net Cash Flow generated in the Debtor's ordinary course of business during the 60 months following the Effective Date, unless the time period is extended. Additional funds may be available to fund the Plan as set forth below. Details regarding the Debtor's current financial condition and projections for its future operations during the term of the Plan are set forth in greater detail in the Debtor's Disclosure Statement.  The payments due to Class 1 on the Effective Date shall be funded by cash flow generated by the Debtor's operations, sale of its assets, or whatever other source of funds is available soonest."

[2] This includes any claims that the Debtor has resolved with the individual claimant(s) without the need for an official objection to be filed.

$25,000.. Otherwise, there are no other known unresolved administrative claimants. Debtor anticipates that on or before entry of any order closing this case, that he will remit any remaining payments owed to the United States Trustee. There have not been any payments made by Debtor to the administrative claimants other than the United States Trustee.

      D.     *Appeals*. There is no known appeal pending.

## RELIEF REQUESTED

      6.     The Debtor requests that the Court issue a final decree closing this case as provided for in Bankruptcy Rule 3022. The Debtor believes he has substantially complied with all requisite post-confirmation tasks imposed under the Plan.

## BASIS FOR RELIEF

      7.     § 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Federal Rule of Bankruptcy Procedure 3022 further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

      8.     Although the term "fully administered" is not defined by the Bankruptcy Code, the Advisory Notes to Federal Rule of Bankruptcy Procedure 3022 provides a non-exhaustive list of factors to be considered to determine whether a case has been fully administered, including (i) whether the order confirming the plan has become final; (ii) whether deposits required by the plan have been transferred; (iii) whether the property proposed by the plan to be transferred has been transferred; (iv) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (v) whether payments under the plan have commenced; and (vi) whether all motions, contested matters and adversary proceedings have been resolved. This list, however, is merely a guideline to aid this Court's determination and

each of the factors need not be present before a court enters a final decree. See, In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr.N.D.Ill 1990).

9. In this case, the Debtor believes his case has been fully administered within the meaning of § 350(a) of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing this case. In particular, the confirmation order become final and non-appealable on September 3, 2010 . The Debtor has made payments of the United States Trustee quarterly fees. There are no remaining issues related to any claims in this case.[3]

The Debtor believes the foregoing provides justification for entry of a final decree closing this case at this time.

## NOTICE

10. Debtor has provided at least seven (7) days notice of this motion to the United States Trustee and to all creditors having filed proofs of claims in this case. To the extent possible, service was made pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants and if not possible it was made by other permissible means. Debtor respectfully requests this Court to shorten the notice period, deem service to be sufficient notice, and to waive any further notice requirement.

WHEREFORE, Artistic Digital Services, Inc., Debtor and Debtor-in-Possession, prays this Court grant the relief sought herein and such other and further relief as this Court deems just and fair.

Respectfully submitted,

By:/s/ Vikram R. Barad

---

[3] Counsel for Debtor never filed a fee application to allow fees and costs. However, counsel and Debtor believe thay can reach agreement on the amount of fees and costs and that amount will be treated as counsel's administrative claim unless the Court disagrees with that procedure.

                                                One of its attorneys

Andrew J. Maxwell (ARDC # 1799150)
Vikram R. Barad (ARDC # 6277076)
Maxwell Law Group, LLC
105 West Adams, Suite 3200
Chicago, IL 60603
312/368-1138